# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

| | |
|---|---|
| Amanda Ferguson, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action, Case No.:** |
| **v.** ) | |
| ) | **JURY DEMANDED** |
| **D & S RESIDENTIAL SERVICES, LP,** ) | |
| *A Texas Limited Partnership,* ) | |
| ) | |
| **Defendant.** ) | |

## VERIFIED COMPLAINT FOR
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** Plaintiff Amanda Ferguson (hereinafter referred to as "Ms. Ferguson" or "Plaintiff"), by and through counsel, and brings the following Complaint against Defendant D & S Residential Services, LP (hereinafter "D & S" or "Defendant").

By way of vital prior procedural history, Plaintiff states as follows: On September 30, 2019, Plaintiff joined as opt-in plaintiff an FLSA collective action filed on October 28, 2018 in the United States District Court for the Western District of Tennessee and styled as follows: **Angela Lockhart v. D&S Residential Services, LP, 2:18-cv-02586.** On August 13, 2020, the Court in *Lockhart*, granted Defendant's motion to decertify the collective action, dismissing all Opt-ins, including Ms. Ferguson, without prejudice.

Plaintiff now brings this action against Defendant D & S Residential Services on her own behalf, asserting the FLSA overtime claims she had intended to bring as opt-in in the *Lockhart* matter.

Wherefore, Plaintiff, for her Complaint against Defendant would state as follows:

## <u>NATURE OF THE COMPLAINT</u>

Doc ID: adcd8387d067e454b0d5774e647d951129844871

1.     Plaintiff brings this cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.     Plaintiff brings this action against D & S for failure to pay Plaintiff for all hours worked, including time-and-a-half for all hours worked over 40 in a workweek, and for related penalties and damages.

3.     Defendant's practices and policies were, throughout Plaintiff's employment with Defendant, to willfully fail and refuse to pay its Program Supervisors, including Plaintiff, for all hours worked after concluding their standard workday, as well as on-call time and travel time, in violation of the FLSA.

4.     Plaintiff seeks declaratory relief; wages for all hours worked and not compensated; overtime premiums for all hours worked over forty in any given work; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

5.     Ms. Ferguson is an adult resident of Maryville, Blount County, Tennessee.

6.     Ms. Ferguson was an employee of Defendant for FLSA purposes during the relevant time period.

7.     Defendant D & S Residential Services, LP is a Limited Partnership registered to do business in the State of Tennessee. D & S Residential Services, LP's principal office is in Austin, Texas. D & S Residential Services, LP may be served through its Registered Agent James Burgess at 269 Cusick Road, Suite C2, Alcoa, Tennessee 37701-3193. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

8.     This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §

Doc ID: adcd8387d067e454b0d5774e647d951129844871

201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

9.     Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that it is subject to service of process in Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

10.     Defendant does business in the Eastern District of Tennessee. Furthermore, a substantial part of the events giving rise to Ms. Ferguson's claims occurred in the Eastern District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in this district.

## **FACTUAL BACKGROUND**

11.     Defendant employed Plaintiff as a Program Supervisor continuously between June 6, 2019 and July 25, 2019.

12.     Prior to December 2016, Defendant paid its Program Supervisors on a salary basis as "exempt" employees under the FLSA.

13.     Beginning in December 2016 and continuing throughout Plaintiff's employment with the company, Defendant paid its Program Supervisors on an hourly rate basis as "non-exempt" employees under the FLSA.

14.     Plaintiff was responsible for making frequent home visits to the group homes for which she was responsible as Program Supervisors.

15.     This work-related travel involved driving significant distances from the employee's base office, or home, if called-in after-hours, to perform whatever work was required.

16.     Plaintiff was instructed to clock in and out at one house and clock back in once she arrived at the next house.

17.     Plaintiff was never compensated for time spent on work related travel, in the course of her workday or required by an after-hours emergency call-in.

Doc ID: adcd8387d067e454b0d5774e647d951129844871

18.    Plaintiff was instructed that only calls on her company phone would be counted as work-time, but she was not given a work-phone until her sixth week of employment.

19.    Plaintiff spent on average an additional 15 hours a week, after the conclusion of her workday, responding to D & S responsibilities on most weekday nights and weekends.

20.    Plaintiff was never compensated for time spent on phone calls using her personal phone to respond to D & S related issues.

21.    Plaintiff was never compensated for the phone log submitted for the last two weeks of her employment, although the time recorded was for use of her company phone, per D & S policy.

22.    Plaintiff was expected to be available and respond to any work-related requests immediately and at all hours of the day or night.

23.    Because of the Defendant's on-call requirements, Plaintiff was prevented from effectively using her after-hours time for personal pursuits.

24.    Defendant thus failed and refused to pay Plaintiff for all hours worked and overtime premiums for all hours worked over forty in any given workweek.

## FAIR LABOR STANDARDS ACT VIOLATIONS

25.    Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 24 as if they were set forth fully herein.

26.    Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

27.    Upon information and belief, at all relevant times, Defendant employed "employee[s]," including Plaintiff.

28.    Upon information and belief, at all relevant times, Defendant had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

Doc ID: adcd8387d067e454b0d5774e647d951129844871

## COUNT I: Failure to compensate for travel time

29.     Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 28 as if they were set forth fully herein.

30.     Employers need not compensate employees for travel time to and from the actual place of performance of the principal activity or activities an employee is expected to perform. 29 U.S.C. § 254(a).

31.     However, "[t]ime spent by an employee in travel as part of [her] principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. § 758.

32.     When being called in after-hours, "if an employee who has gone home after completing [her] day's work is subsequently called out at night to travel a substantial distance to perform an emergency job for one of [her] employer's customers all time spent on such travel is working time." 29 C.F.R. § 785.36

33.     Plaintiff was instructed to clock in and out at each house.

34.     Plaintiff was frequently called to assist D & S homes during the workday and as an emergency backup after having completed her day's work and returning home.

35.     Defendant failed to pay Plaintiff for "off-the-clock" time spent traveling to and from D&S properties.

36.     Because this travel time was effectively work-time under the case law and FLSA supporting regulations, Defendant violated the FLSA by failing to compensate Plaintiff for every hour of work-related travel time, and owes Plaintiff just compensation.

## COUNT II: Failure to Compensate for "after-hours" work

37.     Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 36 as if they were set forth fully herein.

Doc ID: adcd8387d067e454b0d5774e647d951129844871

38.     The FLSA requires each covered employer to compensate all non- exempt employees for all hours worked at an hourly rate and at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

39.     Plaintiff was instructed to only count after-hours time spent on D & S related phone calls when the call was through the D & S provided phone.

40.     Plaintiff did not receive the D & S phone until her sixth week of employment and subsequently submitted a phone log for the last two weeks of her employment.

41.     Plaintiff was not compensated for any of the work performed over the phone during the 8-week period of her employment.

42.     Plaintiff was entitled to compensation for all hours worked including work performed after hours.

43.     By failing to pay Plaintiff for all hours worked, Defendant violated the FLSA, including 29 U.S.C. §§ 206 and 207, and owes Plaintiff just compensation.

44.     Further, by failing to accurately record, report, and/or preserve records of hours worked by employees, Defendant has failed to make, keep, and preserve records with respect to its employees sufficient to determine wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

## **COUNT III: Failure to compensate for "on-call" hours**

45.     Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 44 as if they were set forth fully herein.

46.     An employee who is required to remain on call must be compensated for such time if she "cannot use the time effectively for [her] own purposes." 29 C.F.R. § 785.17; *Adair v. Charter County of Wayne*, 452 F.3d 482, 487 (6th Cir. 2006).

Doc ID: adcd8387d067e454b0d5774e647d951129844871

47. Plaintiff was required to keep her own phone, then her company phone, with her at all times, 24 hours per day, 7 days a week, and she was expected to respond to any work-related requests immediately at all hours of the day or night.

48. Per Defendant's clear expectations, Plaintiff routinely performed after-hours work, including answering emergency phone calls and texts at all hours of the night and addressing the related crises, including medical emergencies and staffing shortages.

49. Because of Defendant's on-call requirements, Plaintiff's life was severely disrupted and she was prevented from effectively using her after-hours time for personal pursuits.

50. Because this on-call time was effectively work-time under the case law and FLSA supporting regulations, Defendant violated the FLSA by failing to compensate Plaintiff for every hour during which she was on call, and owes Plaintiff just compensation.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-Judgment and Post-Judgment interest, as provided by law;

3. An award of money damages for unpaid wages and overtime premiums, liquidated damages, pre- judgment and post-judgment interest, and penalties in an exact amount to be determined at trial;

4. Award Plaintiff costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Respectfully submitted,

s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990 (to be admitted *pro hac vice*)
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
844.445.2387 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: adcd8387d067e454b0d5774e647d951129844871

## <u>DECLARATION AND VERIFICATION IN SUPPORT OF COMPLAINT</u>

I, Amanda Ferguson, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Amanda Ferguson

Doc ID: adcd8387d067e454b0d5774e647d951129844871


| | |
|---|---|
| **TITLE** | Ferguson - Complaint for review/verification |
| **FILE NAME** | Ferguson Complaint - Final.pdf |
| **DOCUMENT ID** | adcd8387d067e454b0d5774e647d951129844871 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

| | | |
|---|---|---|
| **SENT** | **09 / 22 / 2020** 14:51:27 UTC-6 | Sent for signature to Amanda Ferguson (fergusonag@icloud.com) from jlc@cronelawfirmplc.com IP: 73.177.108.241 |
| **VIEWED** | **09 / 22 / 2020** 15:35:57 UTC-6 | Viewed by Amanda Ferguson (fergusonag@icloud.com) IP: 99.17.87.86 |
| **SIGNED** | **09 / 22 / 2020** 15:37:57 UTC-6 | Signed by Amanda Ferguson (fergusonag@icloud.com) IP: 99.17.87.86 |
| **COMPLETED** | **09 / 22 / 2020** 15:37:57 UTC-6 | The document has been completed. |